UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| SHELTON LEVON MCCOTTER,<br><br>                     Plaintiff,<br>v.<br><br>ROBERT S. REPISCHAK,<br>JUDGE CHARLES H. CONSTANTINE,<br>and WILLIAM L. GANSNER,<br><br>                     Defendants. | Case No. 12-CV-314-JPS<br><br><br>ORDER |

       This matter is now before the court on the plaintiff's motion for leave to proceed *in forma pauperis*, the plaintiff's motion for appointment of counsel, and for screening of the plaintiff's complaint.

       The plaintiff is required to pay the statutory filing fee of $350.00 for this action. *See* 28 U.S.C. § 1915(b)(1). If a prisoner does not have the money to pay the filing fee, he can request leave to proceed *in forma pauperis*. The plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $0.21. He also has paid additional partial filing fees of $1.00 and $0.25. The plaintiff's motion for leave to proceed *in forma pauperis* will be granted.

       The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be

granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts and his statement need only "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The complaint allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

In considering whether a complaint states a claim, courts should follow the principles set forth in *Twombly* by first, "identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 129 S. Ct. at 1950. Legal conclusions must be supported by factual allegations. *Id.* If there are well-pleaded factual allegations, the court must, second, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the deprivation was visited upon him by a person or persons acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). The court is obliged to give the plaintiff's pro se allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

1. Complaint Averments

On December 2, 2008, the plaintiff was arrested in Greenville, North Carolina for possession of cocaine and for an out-of-state warrant from Wisconsin for First Degree Sexual Assault. The plaintiff went to prison in North Carolina on the possession charge on February 2, 2009. Initially, the plaintiff was placed in segregation because the out-of-state warrant increased the plaintiff's custody level from minimum security to maximum security. He was transferred to a maximum security prison on February 29, 2009.

On July 3, 2009, defendant Robert S. Repischak ("Repischak"), an Assistant District Attorney in Racine County, placed a detainer on the plaintiff pursuant to the Interstate Agreement on Detainers. The plaintiff received speedy disposition forms, signed and dated them. He returned the forms to the Racine County Clerk of Courts and the Racine County District Attorney's office; they were received and date-stamped on July 13, 2009.

In early December 2009, the plaintiff was extradited to Racine, arraigned, and given bond and a defense attorney. A preliminary hearing on December 14, 2009, was continued. A second preliminary hearing, after which the plaintiff was bonded over for trial, was held on December 26, 2009.

On January 3, 2010, the plaintiff's criminal defense attorney filed a motion to dismiss the charge against the plaintiff due to a speedy disposition violation. The judge, defendant Charles Constantine ("Constantine"), did not dismiss the case. Defendants Repischak and Constantine signed stipulations and judicial findings of fact on January 10, 2010. The plaintiff avers that he sat in the Racine County Jail for over a year because Racine County had lost jurisdiction over the charge. The plaintiff maintains that he was forced to plead guilty to Third Degree Sexual Assault on December 2, 2010.

As relief, the plaintiff asks this court to "dismiss court case No. 08-CF-1419 with prejudice" and expunge the same off the plaintiff's criminal record. He also asks for monetary damages.

The plaintiff filed a sworn supplement to his statement of claim on May 14, 2012.[1] The supplement states:

> In August 2010 Attorney General William L. Gansner sent a Summary Judgment Reversal ordering Racine's County Circuit Court to dismiss case no. 08-CF-1419 with prejudice and also stating that the courts erred for not dismissing case no. 08-CF-1419 with prejudice. And even after that order was sent to the courts I was still forced to take a plea bargain in December 2010 for 6 years = 3 in and 3 out. The Courts didn't even honor the Attorney General William L. Gansner Summary Judgment Reversal.

(ECF 16).

---

[1] The plaintiff did not file a motion under Federal Rule of Civil Procedure 15(d), and the court will not formally allow the plaintiff to supplement his complaint. Nevertheless, the court will consider the supplement for the purposes of this order because defendant Gansner is not mentioned in the body of the plaintiff's complaint.

2.   Analysis

Ultimately, the plaintiff alleges that his conviction violated the Speedy Trial Act and the Interstate Agreement on Detainers, which is codified in Wisconsin at Wis. Stat. § 976.05.  Although the plaintiff seeks monetary relief in addition to his request that his criminal case be dismissed and his criminal record expunged, it appears that the plaintiff is making a collateral attack on his criminal conviction.

To the extent the plaintiff seeks a release from custody or to have his conviction overturned, he is seeking relief only available in the form of a petition for a writ of habeas corpus.  He may not proceed on those claims as part of this action under 42 U.S.C. § 1983.  With regard to those claims, the court is making no decision on their ultimate merits.  *See Glaus v. Anderson*, 408 F.3d 382, 389-90 (7th Cir. 2005).  If the plaintiff wishes to proceed on those claims, he may file a new case with the proper legal label, subject to the rules including those prohibiting frivolous lawsuits.  *Id.* at 390.  The court cautions the plaintiff that refiling under the proper legal label will probably have certain consequences, *id.,* since an adverse decision might count toward the three free strikes under the Prison Litigation Reform Act.  *See 28 U.S.C.* § 1915(g).  Nevertheless, because the plaintiff brought his complaint under § 1983 and seeks monetary damages (in addition to the relief that is not available in this case), the court will screen the plaintiff's complaint.

First, it is possible the plaintiff's claims would be precluded by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), because the plaintiff's success on his claims could necessarily imply the invalidity of his conviction.  Second, each of the defendants named by the plaintiff is immune from suit.  Defendant Constantine is protected from suit by absolute immunity, *see Forrester v. White*, 484 U.S. 219, 225-29 (1988) (Judicial immunity protects judges from the

fear of future litigation brought by disgruntled litigants unhappy with the court's decision-making.), and defendants Repischak and Gansner are both entitled to prosecutorial immunity. *Buckley v. Fitzsimmons*, 509 U.S. 259 (1993) (Where a prosecutor acts in a quasi-judicial capacity, he is entitled to absolute immunity for damages.). For these reasons, the plaintiff does not state a claim upon which relief may be granted under § 1983, and this case will be dismissed.

This decision renders moot the plaintiff's motion for appointment of counsel. Additionally, because the plaintiff may pursue a separate petition for a writ of habeas corpus, the dismissal will be without prejudice, the plaintiff will not incur a strike under 28 U.S.C. § 1915(g), and the court will not collect the remainder of the filing fee in this case.

Accordingly,

IT IS ORDERED that the plaintiff's motion for leave to proceed *in forma pauperis* (Docket #2) be and the same is hereby GRANTED;

IT IS FURTHER ORDERED that the plaintiff's motion for appointment of counsel (Docket #8) be and the same is hereby DENIED as moot;

IT IS FURTHER ORDERED that this action be and the same is hereby DISMISSED without prejudice;

IT IS FURTHER ORDERED that the Clerk of Court enter judgment accordingly;

IT IS FURTHER ORDERED that copies of this order be sent to the warden of the institution where the inmate is confined and to Corey F. Finkelmeyer, Assistant Attorney General, Wisconsin Department of Justice, P.O. Box 7857, Madison, Wisconsin, 53707-7857; and

I FURTHER CERTIFY that any appeal from this matter would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3) unless the plaintiff offers bonafide arguments supporting his appeal.

Dated at Milwaukee, Wisconsin, this 13th day of June, 2012.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge